**Martha Sahle Selassie SEBSEBE, Petitioner,**

**v.**

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provid-

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 06–70270.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Julia L. Osborne, Esq., Law Offices of Julia L. Osborne, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elliot Rockler, Esq., U.S. Department of Justice, Env. & Natrl. Resources Div./Enf. Sec., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Martha Sahle Selassie Sebsebe, a native and citizen of Ethiopia, petitions for review

---

ed by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review, in part, deny in part, and remand.

■ Sebsebe testified that she was imprisoned for six months and raped by Ethiopian officials because her father had served in a prior government regime. The BIA found Sebsebe credible, but concluded that there was no evidence that her imprisonment was politically motivated. We disagree. The BIA failed to consider that Sebsebe had been subjected to prior political questioning, and that, during her arrest, she was given three months of political orientation and threatened with death when she resisted. For these reasons, we conclude that the BIA's determinations were not supported by substantial evidence. *See Lopez–Galarza v. INS*, 99 F.3d 954, 959–60 (9th Cir.1996).

■ We also reject the BIA's finding that Sebsebe's return trip to Ethiopia undercut her claim of well-founded fear. Sebsebe's three-month return, which was motivated by her search for her family, who had previously gone into hiding, does not alone establish a fundamental change in country conditions. In addition, the BIA failed to consider Sebsebe's declaration that she had to bribe an official in order to re-enter the country. *See Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1091–92 (9th Cir.2005) ("In light of the evidence of continuing persecution of homosexuals in Mexico, no reasonable factfinder could find that Boer–Sedano's return trips alone demonstrate a fundamental change in cir-

cumstances sufficient to show that Boer–Sedano no longer has a well-founded fear of persecution."). We therefore grant the petition and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We deny Sebsebe's petition as to her CAT claim because she has not established that it is more likely than not that she would be tortured if returned to Ethiopia. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001). In light of our decision, we need not consider Sebsebe's remaining contentions.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**